UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TRI-TOWNSHIP AMBULANCE SERVICE,
SHEILA WHITT, and AUDREY PARKER,

                Plaintiffs,

v.                                        Case Number 08-14622-BC
                                        Honorable Thomas L. Ludington

NORTHEAST MICHIGAN MEDICAL
CONTROL AUTHORITY, DEBORAH
DETRO-FISHER, and KERWIN FARMER,

                Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER, DIRECTING COUNSEL TO MEET AND CONFER, AND SETTING HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

On October 30, 2008, Plaintiffs Tri-Township Ambulance Service ("TAS"), Sheila Whitt ("Whitt") and Audrey Parker ("Parker," collectively "Plaintiffs") filed suit against Defendants Northeast Michigan Medical Authority ("NMMCA"), Deborah Detro-Fisher, and Kerwin Fisher. According to the complaint, TAS transports patients via ambulances between medical facilities. Plaintiffs allege that Defendants have incorrectly interpreted relevant state regulations to require ambulance providers to be licensed by the appropriate county authority in either the point of origin or destination. TAS, licensed by the Otsego County Medical Control Authority, contends that the misinterpreted regulation restrains it from transporting patients to facilities that it has traditionally serviced. Whitt alleges that the erroneous enforcement of the regulations has deprived her mother, Parker, of TAS's medical transport services. Finally, Plaintiffs allege that Defendants' conduct has violated, inter alia, their rights under the Fifth and Fourteenth Amendments of the United States Constitution.

On the same date that Plaintiffs filed their complaint, they also filed an ex parte motion for a temporary restraining order and a preliminary injunction.[1] In considering whether good cause exists to issue a temporary restraining order, the Court relies on Federal Rule of Civil Procedure 65(b)(1), which provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Notably, the issuance of a temporary restraining order requires specific facts that clearly show that an " immediate and irreparable injury, loss, or damage" will occur to the movant. In the context of preliminary injunctions, courts do not deem all forms of damage an "irreparable injury." A "harm is not irreparable if it is fully compensable by money damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992); *see, e.g., Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 579 (6th Cir. 2002) (concluding that, while constitutional injuries may warrant immediate intervention, potential loss of income "does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages"). Yet damages where the nature of the loss is difficult to calculate, such as the loss of customer goodwill or the loss of fair competition through the breach of a non-competition agreement, and may not be fully compensable. *Id.* at 511-512; *see also Warren v. City of Athens*, 411 F.3d 697, 711-712 (6th Cir. 2005) (concluding that a drive-through restaurant showed an irreparable injury, where a city erected barricades likely

---

[1] Plaintiffs' motion is titled "Motion for Temporary Restraining Order." It does not specifically request a "preliminary injunction," rather it requests "injunctive relief." Dkt. # 2-2 at 2. Plaintiffs also indicated on the docket that the motion sought both a temporary restraining order and preliminary injunction. Consequently, the Court acknowledges that Plaintiffs seek both forms of injunctive relief.

to impose profit losses that would threaten the viability of the business). While Plaintiffs allege constitutional violations, Plaintiffs acknowledge that they must still demonstrate "irreparable harm and inadequacy of legal remedies." Dkt. # 2-2 at 28 (citing *Sampson v. Murray*, 415 U.S. 61, 88 (1974) (citations omitted)).

Here, Plaintiffs' allegations do not demonstrate that either will suffer irreparable harm. First, TAS alleges that it "has been wrongfully and illegally prevented by Defendants from operating as an ambulance service in areas governed by the [NMMCA], despite being legally authorized to perform ambulance transports and having provided identical service for years in [NMMCA's] region." Pltf. Mot. at ¶ 15 (Dkt. # 2 at 5). TAC alleges that it will suffer the following injuries: (1) a fifty percent reduction in revenue and staff; (2) an inability to fulfill contractual obligations; and (3) a loss of customer goodwill and a "chilling effect" of its customers. Dkt. # 1-3 at ¶ 39. Money damages have traditionally been available to remedy the first two alleged injuries. The third group of injuries, loss of customer goodwill and potential "chilling effect," is a closer question because money damages for such injuries may be "difficult to quantify." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511-12 (6th Cir. 1992). In this instance, Plaintiffs' complaint and exhibits demonstrate that NMMCA has published its interpretation of the regulation. *See* dkt. # 1-4. In addition, area medical facilities are aware that NMMCA's interpretation limits TAC from servicing their facilities. *See* dkt. # 1-5, 1-6, 1-10, 1-13. Consequently, the potential for lost customer goodwill and a "chilling effect" appear to be minimal because the complaint and accompanying exhibits indicate that the medical facilities traditionally served by TAC are aware that NMMCA's interpretation of regulations is the cause of TAC's nonfeasance. Thus, TAC has not demonstrated irreparable injury to justify the issuance of an ex parte temporary restraining order.

Second, Whitt asserts that Defendants' conduct limits Parker's ability to choose her medical transport company. Dkt. # 1-7 at ¶ 2. Whitt's affidavit indicates that TAS was unable to transfer Parker between facilities due to Defendants' interpretation of state regulations. Rather, Parker was transported in a van that was ill equipped for the transfer of a patient in her condition. While certainly unfortunate, Plaintiffs' motion and Whitt's affidavit complain that her choice ambulance providers is limited. *Id.* at ¶ 9; Dkt. 2 at ¶ 26. It is unclear that no other suitable ambulance service is available. Moreover, Whitt contends that TAS is her preferred provider because "a tax has been paid by [Parker] for [TAS's] services." Dkt. # 1-7 at ¶ 2. Thus, Parker's primary complaint, that she is unable to choose her preferred ambulance provider, is insufficient to demonstrate irreparable injury justifying the entry of a temporary restraining order. The record, as it stands, does not exhibit that Parker is without any suitable medical transport. To the extent that she would be required to pay additional fees for alternate service, money damages would be adequate.

The present procedural posture of the case does not require the Court to inquire into other issues pertinent to a preliminary injunction, such as whether an injunction would serve the public interest. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007).

One additional reason justifies denying Plaintiffs' request for a temporary restraining order. Federal Rule of Civil Procedure 65(b)(1)(B) also contains the procedural requirement that the "movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." An ex parte temporary restraining order is an "extraordinary remedy." *Fort Wayne Women's Health Org. v. Brane*, 734 F.Supp. 849, 850 (N.D. Ind. 1990). Notice to an adverse party is "grounded in the fundamental values of our judicial system." *Amelkin v. McClure*, 74 F.3d

1240 (table), 1996 WL 8112, *5 (6th Cir. 1996) (citation omitted)(unpublished). Here, Plaintiffs' counsel has not indicated why an order enjoining Defendants should enter without notice or before Defendants' appearance. The record demonstrates that the alleged conduct began approximately six weeks before Plaintiffs filed their complaint and the instant motion. *See, e.g.*, dkt. # 1-4. Plaintiffs' counsel has not explained if it made any efforts to notify Defendants or any reason why notice should not be given. In light of the fact that the record does not indicate why Defendants were not notified despite a relatively long period between the date of injury and the date of bringing the motion, Plaintiffs have not met the second requirement of Rule 65(b)(1).

Notwithstanding the Court's disposition of the request for a temporary restraining order, the Court will entertain Plaintiffs' request for a preliminary injunction. Thus, the Court will set the motion for hearing.

Accordingly, it is **ORDERED** that Plaintiffs' motion for a temporary restraining order [Dkt. # 2] is **DENIED** in part.

It is further **ORDERED** that counsel for the parties are **DIRECTED TO MEET AND CONFER** between **November 3, 2008** and **November 12, 2008** regarding the matters at issue in Plaintiffs' motion for a preliminary injunction and any other pending request for relief.

It is further **ORDERED** that a hearing is set regarding Plaintiffs' motion for a preliminary injunction [Dkt. # 2] on **November 13, 2008 at 9:30 a.m.**

                                            s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

Dated: November 3, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 3, 2008.

        s/Tracy A. Jacobs
        TRACY A. JACOBS